UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY MUNSHOWER,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF LODI and DOES 1-20,<br><br>        Defendants.<br>───────────────────────────<br>CITY OF LODI,<br><br>        Cross-Claimant,<br><br>   v.<br><br>UNITED STATES POSTAL SERVICE and DOES 1-20,<br><br>        Cross-Defendants. | No.  2:16-cv-01163-JAM-EFB<br><br>**ORDER GRANTING UNITED STATES POSTAL SERVICE'S MOTION TO DISMISS** |

    This case arises from a tort suit originally filed in state court by Judy Munshower against cross-claimant the City of Lodi ("Lodi").  Munshower Compl., ECF No. 4.  In response, Lodi filed in state court a cross-complaint against the United States Postal Service ("USPS") and twenty unnamed federal employees ("DOE

1

defendants"). Cross-Compl., ECF No. 4. USPS removed the case, ECF No. 1, and then moved to dismiss Lodi's cross-complaint for lack of subject matter jurisdiction. ECF No. 13. Lodi opposes the motion. ECF No. 16.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In deciding this motion, the Court takes as true all well-pleaded facts in Lodi's cross-complaint.

This case originated in San Joaquin County Superior Court. While walking on the sidewalk near the federal Post Office in Lodi, Munshower slipped on loose and unsecured paving stones and broke her hip. Munshower Compl. at 9. She brought a personal injury suit against Lodi and twenty DOE defendants for premises liability. Id.

Lodi sued USPS and the DOE defendants (collectively, "cross-defendants") for several tort claims falling under the Federal Tort Claims Act ("FTCA"). Cross-Compl. at 34-36. Lodi alleged that water from a broken water line at the federal Post Office and USPS's heavy vehicles damaged the sidewalk upon which Munshower fell. Id. at 36. Lodi seeks contribution and indemnity from cross-defendants for their proportionate share of Munshower's injuries. Id. at 34-36. Lodi also seeks declaratory relief. Id.

Two days after filing its cross-complaint in state court, Lodi filed its administrative tort claim with USPS, but USPS

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 18, 2016.

2

denied it.  Mot. at 2.  USPS then removed the case under 28 U.S.C. § 1442.  USPS now moves to dismiss Lodi's cross-complaint.

## II.   OPINION

### A.   Derivative Jurisdiction Doctrine

In cases removed under § 1442, the federal court's jurisdiction is derivative of the state court's jurisdiction: If the state court lacked subject matter jurisdiction or jurisdiction over the parties, then the federal court acquires none.  See Cox v. United States Dep't of Agric., 800 F.3d 1031, 1032 (9th Cir. 2015); In re Elko Cty. Grand Jury, 109 F.3d 554, 555 (9th Cir. 1997) (internal citations omitted).

### B.   Analysis

USPS contends that the state court lacked jurisdiction over Lodi's claims and over USPS.  Mot. at 1, 6.  Specifically, USPS argues that the state court lacked jurisdiction over Lodi's claims because state courts cannot adjudicate tort claims against federal agencies.  Mot. at 1.  USPS also argues that the state court lacked jurisdiction over it because no applicable sovereign immunity waiver allows suits against USPS in state court, and, given the DOE defendants, the government cannot substitute in the United States under the Westfall Act.  Mot. at 1, 6.  Lodi maintains that the derivative jurisdiction doctrine does not apply to the DOE defendants because the state court had jurisdiction over these unnamed federal employees, and the United States inadvertently conceded jurisdiction over these employees upon removal.  Opp. at 5-8.

The Court finds that the derivative jurisdiction doctrine

applies here. Cases removed under § 1442 trigger this doctrine, and USPS removed this case under that statute. ECF No. 1. Lodi's distinction—that the rule does not apply to the DOE defendants—is a distinction that does not make a difference. If a defendant removes a case under § 1442, then the derivative jurisdiction doctrine applies. See Elko, 109 F.3d at 555 ("Initially we note that because the case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction.").

Having found that the derivative jurisdiction doctrine applies, this Court now addresses whether the state court had jurisdiction over Lodi's tort claims, over USPS, or over the DOE defendants. If the state court lacked jurisdiction over Lodi's tort claims or over either cross-defendant, then this Court never acquired jurisdiction and must dismiss Lodi's cross-complaint. See Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377, 382 (1922) ("If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none.") (emphasis added).

### 1. Lodi's Tort Claims

The state court lacked subject matter jurisdiction over Lodi's tort claims because district courts have exclusive jurisdiction of FTCA suits. See 28 U.S.C. § 1346(b)(1) ("[T]he district courts...shall have exclusive jurisdiction of civil actions on claims against the United States...for injury or loss of property, or personal injury...caused by the negligent or wrongful act or omission of any [federal] employee...while

acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant...."). Indeed, Lodi "understands that the District Court has original jurisdiction over civil actions against the United States," but still filed its cross-complaint in state court "in the interests of judicial economy." Cross-Compl. at 35.

Judicial-economy interests do not trump clear jurisdictional rules. Because the state court never had jurisdiction to hear Lodi's tort claims, under the derivative jurisdiction doctrine, this Court lacks jurisdiction as well. See Elko, 109 F.3d at 555 (dismissing case under derivative jurisdiction doctrine because state court lacked jurisdiction to issue subpoena). This ground alone warrants dismissal.

A district court may dismiss a complaint with prejudice "only when it is clear that no amendment could cure a defect in the complaint." See City of Oakland v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009). Lodi cannot cure the state court's lack of jurisdiction to hear Lodi's tort claims because § 1346(b)(1) grants district courts exclusive jurisdiction to adjudicate FTCA claims. Lodi's cross-complaint is, therefore, dismissed with prejudice.

Finally, because the state court's lack of jurisdiction over Lodi's tort claims triggers dismissal, the Court need not address Lodi's remaining argument that the state court had jurisdiction over the DOE defendants. See Lambert Run Coal Co., 258 U.S. at 382 (1922) ("If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court

acquires none.") (emphasis added).

### III.  ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE USPS's Motion to Dismiss Lodi's cross-complaint and REMANDS the remaining Munshower complaint against Lodi to San Joaquin County Superior Court.  The clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   November 21, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE